**Eugene Michael ROMERO,
Petitioner–Appellant,**

v.

**UNITED STATES of America,
Respondent–Appellee.**

No. 03–2576.

United States Court of Appeals,
Second Circuit.

Dec. 14, 2004.

Theodore S. Green, Green & Willstatter, White Plains, New York, for Appellant.

Jonathan R. Streeter, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, Deborah E. Landis, Assistant United States Attorney), New York, New York, for Appellee, of counsel.

PRESENT: KEARSE, SACK, and HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner-appellant Eugene Michael Romero appeals denial of his motion for post-conviction relief under 28 U.S.C. § 2255, in which he collaterally attacks his conviction for engaging in a continuing criminal enterprise (CCE) in violation of 21 U.S.C. § 848.

Romero asserts that his 1992 CCE conviction must be reversed. At trial, the district court did not charge the jury that it must agree unanimously that Romero committed each of three predicate felonies constituting the "series" element of the CCE offense. 21 U.S.C. § 848(c)(2). Subsequent to the trial, the Supreme Court decided *Richardson v. United States*, in which it held that the jury must make such unanimous findings. 526 U.S. 813, 824, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999). In *Santana–Madera v. United States*, this Court held that *Richardson* applies retro-

actively to criminal cases on habeas review. 260 F.3d 133, 139 (2d Cir.2001). The government does not contest that the jury charge was erroneous.

*Richardson* errors are "subject to harmless error analysis." *Id.* Under the *Neder* standard and this Court's interpretation of it, we conclude beyond a reasonable doubt that the error was harmless because "the jury verdict would have been the same absent the error." *Neder v. United States,* 527 U.S. 1, 17–19, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999); *see also United States v. Jackson,* 196 F.3d 383, 386 (2d Cir.1999). Because the error is harmless under the more stringent *Chapman* standard, we do not decide whether the *Brecht* or *Chapman* standard of review applies. *Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Santana–Madera,* 260 F.3d at 140.

First, Romero's conviction on count one of the indictment, which charged conspiracy to possess and distribute narcotics in violation of 21 U.S.C. § 846, constitutes one predicate felony in the CCE series. The § 846 conspiracy is a lesser included offense of the CCE charge, but may nonetheless serve as a predicate felony. *United States v. Miller,* 116 F.3d 641, 678 (2d Cir.1997). Romero does not appear to dispute that the conspiracy in count one is related to the CCE.

■ Second, Romero's 1987 guilty plea for possessing heroin with the intent to distribute it constitutes a second predicate felony. His argument that the evidence at trial did not show that the conduct underlying the plea was linked to the CCE is unavailing. The evidence shows that Romero's activities leading to his Washington D.C. arrest and plea were part of a series of narcotics transactions that were part of the continuing enterprise. Furthermore, the evidence shows that these transactions involved people whom, in answer to the special verdict form, the jury found unanimously to be Romero's supervisees. We conclude beyond a reasonable doubt that the jury would have unanimously found the 1987 possession felony to be a predicate felony for the CCE charge.

■ Third, we agree with the district court that, beyond a reasonable doubt, the jury would have unanimously found Romero guilty of felonies in connection with overt acts "(m)" and "(x)," which were charged in the indictment in connection with the conspiracy in count one. Any of the felonies arising out of these overt acts would be sufficient to constitute a third predicate felony. With respect to overt act "(m)," the evidence establishes that Romero supervised and arranged narcotics transactions at Hannah Forrest's apartment on 132nd Street, New York, New York, from prison, through phone calls and prison visits. The evidence shows that Forrest and Sharece Walker were involved in operations at the apartment, both of whom the jury found to be supervisees of Romero's. We conclude beyond a reasonable doubt that the jury would have unanimously agreed that Romero committed a predicate felony by making telephone calls to facilitate the narcotics trafficking at Forrest's apartment in violation of 21 U.S.C. § 843(b) and that he committed a predicate felony by aiding and abetting this activity in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1).

With respect to overt act "(x)", the evidence establishes that Romero aided and abetted a narcotics felony in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 812 &

841(a)(1) by arranging for Joseph Pratt to receive drugs from Frank Costanz. As mediated by Romero's wife, Stephanie Romero, Romero arranged for Pratt to obtain drugs from Costanz, using an alias that Romero assigned to Pratt of "Jamal." Costanz transacted with "Jamal" only after their "mutual friend inside" vouched for him. The jury found that Stephanie Romero and Pratt were supervisees of Romero's. We conclude beyond a reasonable doubt that the jury would have found that Romero aided and abetted the Costanz–Pratt narcotics transaction in connection with the CCE.

The conviction on count one, the 1987 guilty plea, the evidence regarding overt acts "(m)" and "(x)," and the jury's answers in response to the special verdict form lead us to conclude beyond a reasonable doubt that the jury would have found unanimously that Romero was guilty of at least three predicate felonies constituting the CCE series. We therefore conclude that the *Richardson* error at Romero's trial was harmless because the jury verdict on the CCE count was unaffected by the erroneous charge.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED. All pending motions are denied.